**Peggy GREENIER, Plaintiff**

v.

**COLGAN AIR, INC., Defendant**

**No. CIV. 03–145–BW.**

United States District Court,
D. Maine.

Dec. 17, 2003.

Sarah LeClaire, Law Office of Sarah LeClaire, Presque Isle, ME, for Peggy Greenier, Plaintiff.

John W. McCarthy, Rudman & Winchell, Bangor, ME, John L. Telford, Littler Mendelson, P.C., Atlanta, GA, for Colgan Air Inc, Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

WOODCOCK, District Judge.

On August 22, 2003, the Defendant, Colgan Air, Inc. ("Defendant" or "Colgan Air")[1], filed a Motion to Dismiss the Amended Complaint in the above captioned matter. For the reasons stated below, this Court DENIES the Defendant's Motion to Dismiss.

### I. Procedural History

On July 21, 2003, the Plaintiff, Peggy Greenier, initiated a suit against the Defendant in the State of Maine Superior Court in Aroostook County. The Plaintiff claims that the Defendant violated the Maine Substance Abuse Testing Law, 26 M.R.S.A. § 681, *et seq.*, by unlawfully terminating her employment after she tested positive for the presence of marijuana. On August 5, 2003, Colgan Air removed the case to this Court, arguing that the suit presented a federal question and that this Court had diversity jurisdiction. On August 22, 2003, the Defendant filed a Motion to Dismiss the suit under Rule 12(b)(6) on the basis that federal law preempts the Maine Substance Abuse Law. The Plaintiff objected to the Motion to Dismiss.

---

1. The original Complaint listed "Charles J. Colgan and Associates, Inc., d/b/a Colgan Air" as the named Defendant. On August 5, 2003, the Plaintiff filed an Amended Complaint identical to the original Complaint, except that it changed the Defendant's name "Colgan Air, Inc." (*See* Notice of Removal at Ex. 1 (Docket # 1).) Presumably, the Plaintiff amended the Complaint as a matter of right under Maine Rule of Civil Procedure 15(a).

## II. Legal Standard

The standard for a Rule 12(b)(6) dismissal is "familiar and oft-repeated." *Budnick v. Barnstable County Bar Advocates, Inc.,* 1993 WL 93133, *2 (1st Cir.) (unpublished opinion). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Budnick,* 1993 WL 93133, *2 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A motion to dismiss pursuant to Rule 12(b)(6) challenges the adequacy of the claims in a complaint, *Greenier v. Pace, Local No. 1188,* 201 F.Supp.2d 172, 176 (D.C.Me. 2002); and the court is required to "take the well pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor," *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). Although the minimal requirements of Rule 12(b)(6) are not tantamount to "nonexistent requirements," *Dartmouth Rev. v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989), the court ordinarily may consider only facts listed in the complaint, *see* Fed.R.Civ.P. 12(b)(6); *Greenier,* 201 F.Supp.2d at 177. If the court considers facts outside the complaint, the court must convert the motion to dismiss to a motion for summary judgment. Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56").

## III. Discussion

The basis of the Defendant's Motion to Dismiss is that the Plaintiff's state law claim is preempted by congressional intent "to occupy the field of drug testing in the aviation industry employees in the interest of air safety." (*See* Mot. Dismiss at ¶ 2 (Docket # 4)). The Plaintiff responded by pointing out the Motion to Dismiss is based on facts not before this Court.

This Court agrees with the Plaintiff. The first sentence in the Defendant's "Statement of Facts Alleged in the Complaint" states: "Colgan Air is a passenger airline, which is regulated by the Federal Aviation Administration ('FAA') and is governed by federal aviation regulations." (*See* Def.'s Mem. Supp. Mot. Dismiss at 2 (Docket # 4).) Defendant then cites federal statutes, regulations, and cases for the proposition that the federal government has either expressly or impliedly preempted Maine state law by enacting a comprehensive regulatory scheme regarding drug testing of airline employees.

However, the factual predicate for the Defendant's argument—namely, that Colgan Air is a passenger airline subject to FAA regulation—does not appear in the Amended Complaint. There are only two descriptive allegations in the Amended Complaint that illuminate the identity of the Defendant. First, the Amended Complaint describes "Colgan Air, Inc." as an "individual and/or association or business partnership or corporation organized in Virginia with a place of business in Presque Isle, County of Aroostook and State of Maine d/b/a Colgan Air." (*See* Notice of Removal at Ex. 1 (Docket # 1 at ¶ 1).) Second, the Amended Complaint provides:

> Up and until March 7, 2003, and for approximately 3 years prior, the Plaintiff was employed full-time by the Defendant its (sic) airport facility at the Presque Isle International Airport in Presque Isle, Maine.

(*See* Notice of Removal at Ex. 1 (Docket # 1 at ¶ 4).) There are no allegations on the face of the Amended Complaint that allow this Court, indulging in reasonable inferences, to determine the nature of Colgan Air's business. Although "airport facility" in Paragraph 4 of the Amended Complaint could refer to a passenger airline, presumably subject to federal regulation, it could also refer to an airport bookstore, presumably not subject to federal regulation.

Further, the Defendant has not provided this Court with information outside the pleadings that could convert the matter to a Motion for Summary Judgment. Instead, the Defendant has elected to proceed solely on the facts alleged in the Amended Complaint. As such, there are insufficient facts before this Court to reach the preemption issue raised in the Motion to Dismiss.

## IV. Conclusion

For the foregoing reasons, this Court DENIES the Defendant's Motion to Dismiss.

SO ORDERED.